**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

STEPHEN L. MEININGER, as Chapter 7
Trustee of the estate of MARK V. RICHTER,
a/k/a MARK VINCENT RICHTER and
KELLY L. RICHTER,

12  005493

     Plaintiff,

**DIVISION D**

v.

CASE NO.: _____ RECEIVED
DIVISION:

TARGET NATIONAL BANK, a national
bank,

MAR 2 8 2012

     Defendant.

CLERK OF CIRCUIT COURT
**JURY TRIAL DEMANDED** HILLSBOROUGH COUNTY, FL

_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND TELEPHONE CONSUMER PROTECTION ACT

**COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy

estate of Mark V. Richter, a/k/a Mark Vincent Richter and Kelly L. Richter, by and through the

undersigned law firm, and sues Defendant, Target National Bank, a national bank, and alleges as

follows:

### PRELIMINARY STATEMENT

1.     On or about September 10, 2010 (the "Petition Date"), the Debtors, Mark V.

Richter, a/k/a Mark Vincent Richter and Kelly L. Richter, filed a petition under Chapter 7 of

Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2.     Plaintiff brings this action pursuant to Fla. Stat. § 559.55 et seq., the Florida

Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 et seq., the Telephone

Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3.　This is an action for damages exceeding $15,000.00, exclusive of interest, attorneys' fees and court costs.

4.　Pursuant to Fla. Stat. §§ 26.012(2), 559.77(1), 47 U.S.C. § 227(b)(3), and other applicable law, this Court has jurisdiction over each cause of action set forth herein.

5.　Pursuant to Fla. Stat. §§ 47.011, 559.77(1), and 47 U.S.C. § 227(b)(3), this is the appropriate venue for each count set forth herein because the Plaintiff is a bankruptcy trustee and the bankruptcy is pending in the United States Bankruptcy Court, located in the City of Tampa, County of Hillsborough, State of Florida.

## PARTIES

6.　Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Mark V. Richter, a/k/a Mark Vincent Richter ("Mr. Richter") and Kelly L. Richter ("Mr. Richter", collectively with Mr. Richter, the "Richters" or "Debtors"). Richters are natural persons resident in the City of Plant City, County of Hillsborough, State of Florida, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

7.　Defendant, Target National Bank, a national bank, together with its collecting agents ("Defendant" or "Target"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

8.　All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in

advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

9.      The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtors' will in an attempt to break the Debtors and have Debtors pay amounts owed long after the Debtors were given all necessary information and persuasion and negotiation failed, as demonstrated by Debtors expressly communicating to the Defendant to stop calling Debtors.

10.     The Defendant's communications set forth below are wholly without excuse.

11.     At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtors.

## FACTUAL ALLEGATIONS

12.     Debtors are alleged to owe Defendant debts (the "Alleged Debt"), including without limitation, debts on schedule F of the Debtors' bankruptcy schedules bearing account number ending 5700 in the unknown amount.

13.     The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on October 14, 2010.

14.     Defendant made multiple collection calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010 (the "Collection Calls") to Debtors attempting to collect the Alleged Debt.

15.    It was the substance of the testimony of the Debtors, sworn and under oath at the 341 Hearing, that:

a) Defendant made five or more Collection Calls to Debtors each day, everyday of the week.

b) Defendant made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt.

c) Defendant made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt.

d) Defendant made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt.

e) Defendant made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment.

f) Defendant made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors, including telling Debtors to "go get a real job."

16.    Upon further inquiry, after the 341 Hearing Debtors stated:

a) Defendant made Collection Calls to Mr. Richter's place of employment between January of 2010 and July of 2010.

b) Defendant made twelve or more harassing calls to Debtors between January 2010 and July 2010.

17.   Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, everyday of the week; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt; (6) made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; and (7) made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors including telling Debtors to "go get a real job."

## COUNT I

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT TARGET

18.   This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq.*

19.   Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

21.   Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

22.   Defendant communicated certain information to Debtors, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

23.   Fla. Stat. §559.72(5) provides, in pertinent part:

In collecting consumer debts, no person shall:

(5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

24.   Defendant violated Fla. Stat. § 559.72(5) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; which is a disclose by Defendant to a person other than the Debtor of information affecting the Debtor's reputation.

25.   Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

26.   Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, everyday of the week; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made five or more Collection Calls to Debtors' cell phone, after Debtors told

Defendant to stop calling Debtors' cell phone regarding the Alleged Debt, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt; (6) made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; and (7) made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors including telling Debtors to "go get a real job."; all of which is a willful communication with the Debtors with such frequency that Defendant could reasonably expect such communication to harass Debtors, or which is a willful engagement by Defendant in other conduct, including violation of the TCPA which could reasonably be expected to abuse or harass Debtors.

27.    Fla. Stat. § 559.72(8) provides, in pertinent part:

In collecting consumer debts, no person shall:

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

28.    Defendant violated Fla. Stat. § 559.72(8) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors telling Debtors to "go get a real job," and "how could you charge that much?"; which is Defendant's use of profane, obscene, vulgar, or willfully abusive language in a communication with Debtors or Debtors' family.

29.    Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

30.    Defendant violated Fla. Stat. § 559.72(9) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, everyday of the week; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt; (6) made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; and (7) made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors including telling Debtors to "go get a real job."; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including violations of the TCPA, and by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9).

31.    As a result of the above violations of the FCCPA, Debtors have been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages,

statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

32.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

33.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO DEFENDANT TARGET

34.     This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq.*

35.     Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth here-in.

36.     Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtors.

37.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

38.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; and (2) made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Debtors on Debtors' personal cell phone after Debtor told Defendant that Defendant did not have permission to call Debtors.

39.     Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtors' personal cell phone utilizing an automatic telephone dialing system after Debtors told Defendant that Defendant did not have permission to call Debtors.

40.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

41.     As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

42.     Based upon the willful, knowingly, and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable. Fla. R. Civ. P. 1.430.

Dated:  March 28, 2012

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Ste. 210
Tampa, Florida 33609
Phone: 813.289.3200
Facsimile: 813.289.3210

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee