UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

Stephen L. Meininger, as Chapter 7 Trustee           Case No. 8:12-cv-977-33-AEP
of the Estate of Mark V. Richter a/k/a Mark
Vincent Richter & Kelly L. Richter,

Plaintiff,

v.

Target National Bank,

Defendant.

---

**DEFENDANT TARGET NATIONAL BANK'S ANSWER**

---

**General Denial**

Defendant Target National Bank ("Target"), for its answer to the Complaint for

Unlawful Debt Collection Practices and Telephone Consumer Protection Act (Mar. 28,

2012), denies every allegation except as this pleading admits, qualifies, or otherwise answers.

**General Defense**

Preliminary Statement

**¶ 1**

*Allegation:* On or about September 10, 2010 (the "Petition Date"), the Debtors, Mark
V. Richter, a/k/a Mark Vincent Richter and Kelly L. Richter, filed a petition under Chapter 7
of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this
Court.

1

*Answer:* Target lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 1.

**¶ 2**

*Allegation:* Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the
Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the
Telephone Consumer Protection Act ("TCPA").

*Answer:* Target admits that this action purports to state a claim under the referenced

statutes, but denies any liability with respect to the purported claims mentioned in paragraph

2. This paragraph otherwise contains no factual allegation to which a responsive pleading is

required.

Jurisdiction and Venue

**¶ 3**

*Allegation:* This is an action for damages exceeding $15,000.00, exclusive of interest,
attorneys' fees and court costs.

*Answer:* Target admits that this action seeks damages as alleged, but denies any

liability with respect to the purported claims mentioned in paragraph 3. This paragraph

otherwise contains no factual allegation to which a responsive pleading is required.

**¶ 4**

*Allegation:* Pursuant to Fla. Stat. §§ 26.012(2), 559.77(1), 47 U.S.C. § 227(b)(3), and
other applicable law, this Court has jurisdiction over each cause of action set forth herein.

*Answer:* For its answer to the allegations in paragraph 4, Target states that the United

States District Court for the Middle District of Florida has jurisdiction over this action.

**¶ 5**

*Allegation:* Pursuant to Fla. Stat. §§ 47.011, 559.71(1), and 47 U.S.C. § 221(b)(3), this is the appropriate venue for each count set forth herein because the Plaintiff is a bankruptcy trustee and the bankruptcy is pending in the United States Bankruptcy Court, located in the City of Tampa, County of Hillsborough, State of Florida.

*Answer:* For its answer to the allegations in paragraph 5, Target states that venue is

proper in the Middle District of Florida.

Parties

**¶ 6**

*Allegation:* Plaintiff Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Mark V. Richter, a/k/a Mark Vincent Richter ("Mr. Richter") and Kelly L. Richter ("Mr. Richter", collectively with Mr. Richter, the "Richters" or "Debtors"). Richters are natural persons resident in the City of Plant City, County of Hillsborough, State of Florida, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(2), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat § 559.72.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 6's first sentence. For its answer to the allegations in

paragraph 6's second sentence, Target denies that the Richters are collectively a "consumer"

or a "person" within the referenced statutes' meaning; lacks knowledge or information

sufficient to form a belief about whether Ms. Richter or Mr. Richter is individually a

"consumer" within the referenced statutes' meaning, but states that the definition in 15

U.S.C. § 1692a(3) applies only under the Fair Debt Collection Practices Act, under which

this action asserts no claim; admits that the Richters "are natural persons resident in the City

of Plant City, County of Hillsborough, State of Florida"; and admits that Ms. Richter and Mr.

3

Richter are each a "person" within the Telephone Consumer Protection Act's and the Florida

Consumer Collection Practices Act's meaning.

**¶ 7**

*Allegation:* Defendant, Target National Bank, a national bank, together with its collecting agents ("Defendant" or "Target"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

*Answer:* Target admits the allegations in paragraph 7. For its further answer to those

allegations, Target states that the definition in 15 U.S.C. § 1692a(4) applies only under the

Fair Debt Collection Practices Act, under which this action asserts no claim.

**¶ 8**

*Allegation:* All conduct of Defendant alleged herein by plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

*Answer:* Target denies the allegations in paragraph 8.

**¶ 9**

*Allegation:* The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtors' will in an attempt to break the Debtors and have Debtors pay amounts owed long after the Debtors were given all necessary information and persuasion and negotiation failed, as demonstrated by Debtors expressly communicating to the Defendant to stop calling Debtors.

*Answer:* The allegations in paragraph 9 are so vague and ambiguous that Target

cannot reasonably prepare a response, and Target therefore denies those allegations.

**¶ 10**

*Allegation:* The Defendant's communications set forth below are wholly without excuse.

*Answer:* Target denies the allegations in paragraph 10.

**¶ 11**

*Allegation:* At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtors.

*Answer:* For its answer to the allegations in paragraph 11's first sentence, Target

adopts by reference its statements in answer to the allegations in paragraph 8. Target denies

the allegations in paragraph 11's second sentence.

Factual Allegations

**¶ 12**

*Allegation:* Debtors are alleged to owe Defendant debts (the "Alleged Debt"), including without limitation, debts on schedule P of the Debtors' bankruptcy schedules bearing account number ending 5700 in the unknown amount.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the

truth of the allegations in paragraph 12, except denies that the subject account number ended

in -5700.

**¶ 13**

*Allegation:* The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on October 14, 2010.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13.

**¶ 14**

*Allegation:* Defendant made multiple collection calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010 (the "Collection Calls") to Debtors attempting to collect the Alleged Debt.

*Answer:* Target denies that it "made multiple collection calls each day," but admits that it called the Richters about their account within the period alleged, except that it did not call the Richters or either of them after June 2009.

**¶ 15**

*Allegation:* It was the substance of the testimony of the Debtors, <u>sworn and under oath</u> at the 341 Hearing, that:

a)    Defendant made five or more Collection Calls to Debtors each day, everyday of the week.

b)    Defendant made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt.

c)    Defendant made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt.

d)    Defendant made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt.

e)    Defendant made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment.

f)    Defendant made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors, including telling Debtors to "go get a real job."

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 with respect to what the Debtors allegedly testified to, but denies the alleged testimony's substance.

**¶ 16**

*Allegation:* Upon further inquiry, after the 341 Hearing Debtors stated:
   a)   Defendant made Collection Calls to Mr. Richter's place of employment between January of 2010 and July of 2010.
   b)   Defendant made twelve or more harassing calls to Debtors between January 2010 and July 2010.

*Answer:* Target lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 with respect to what the Debtors allegedly said, but denies the alleged statements' substance.

**¶ 17**

*Allegation:* Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, everyday of the week; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt; (6) made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; and (7) made Collection Calls to Debtors using abusive· language demanding and dehumanizing Debtors including telling Debtors to "go get a real job."

*Answer:* For its answer to the allegations in paragraph 17, Target adopts by reference its statements in answer to the allegations in paragraph 14. Target otherwise denies the allegations in paragraph 17.

Count I
Violation of the Florida Consumer Collection Practices Act,
Fla. Stat. § 559.55 et seq.
as to Defendant Target

**¶ 16**

*Allegation:* This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq.*

*Answer:* Target admits that this action purports to state a claim under the referenced statute, but denies any liability with respect to the purported claims mentioned in paragraph 18. This paragraph otherwise contains no factual allegation to which a responsive pleading is required.

**¶ 19**

*Allegation:* Plaintiff realleges and incorporates paragraphs 1 through 17, as if fully set forth herein.

*Answer:* For its answer to the allegations in paragraph 19, Target adopts by reference its statements in answer to the allegations therein referenced and adopted.

**¶ 20**

*Allegation:* [None.]

*Answer:* There is no paragraph 20.

**¶ 21**

*Allegation:* Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

8

*Answer:* For its answer to the allegations in paragraph 21, Target denies that it is a

"debt collector" or a "consumer collection agency" within the Florida Consumer Collection

Practices Act's meaning; denies that it "is engaged in the business of soliciting consumers for

debts"; and denies that "collecting consumer debts" is its business's principal purpose.

## ¶ 22

*Allegation:* Defendant communicated certain information to Debtors, as set forth in
the above Factual Allegation paragraphs, which constitutes "communication," as defined by
Fla. Stat. § 559.55(5).

*Answer:* Target admits that its calls were "communication" within the Florida

Consumer Collection Practices Act's meaning, but otherwise denies the allegations in

paragraph 22.

## ¶ 23

*Allegation:* Fla. Stat. § 559.72(5) provides, in pertinent part:
        In collecting consumer debts, no person shall:
        (5)        Disclose to a person other than the debtor or her or his family
information affecting the debtor's reputation, whether or not for credit
worthiness, with knowledge or reason to know that the other person does not
have a legitimate business need for the information or that the information is
false.

*Answer:* For its answer to the allegations in paragraph 23, Target admits that the

statute so provides, but denies that it violated or owes any liability under the statute.

## ¶ 24

*Allegation:* Defendant violated Fla. Stat. § 559.72(5) when Defendant (1) made
multiple Collection Calls each day on multiple days in multiple weeks over multiple months
from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged
Debt; (2) made multiple Collection Calls to Mr. Richter's place of employment disclosing the

Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; which is a disclose by Defendant to a person other than the Debtor of information affecting the Debtor's reputation.

*Answer:* Target denies the allegations in paragraph 24.

**¶ 25**

*Allegation:* Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7)     Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

*Answer:* For its answer to the allegations in paragraph 25, Target admits that the

statute so provides, but denies that it violated or owes any liability under the statute.

**¶ 26**

*Allegation:* Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, everyday of the week; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt; (6) made multiple Collection Calls to Mr. Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; and (7) made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors including telling Debtors to "go get a real job,"; all of which is a willful communication with the Debtors with such frequency that Defendant could reasonably expect such communication to harass Debtors, or which is a willful engagement by Defendant in other conduct, including violation of the TCPA which could reasonably be expected to abuse or harass Debtors.

10

*Answer:* Target denies the allegations in paragraph 26.

**¶ 27**

*Allegation:* Fla. Stat. § 559.72(8) provides, in pertinent part:
    In collecting consumer debts, no person shall:
    (8)    Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

*Answer:* For its answer to the allegations in paragraph 27, Target admits that the statute so provides, but denies that it violated or owes any liability under the statute.

**¶ 28**

*Allegation:* Defendant violated Fla. Stat. § 559.72(8) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1,2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors telling Debtors to "go get a real job," and "how could you charge that much?"; which is Defendant's use of profane, obscene, vulgar, or willfully abusive language in a communication with Debtors or Debtors' family.

*Answer:* Target denies the allegations in paragraph 28.

**¶ 29**

*Allegation:* Fla. Stat. § 559.72(9) provides, in pertinent part:
    In collecting consumer debts, no person shall:
    (9)    Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

*Answer:* For its answer to the allegations in paragraph 29, Target admits that the statute so provides, but denies that it violated or owes any liability under the statute.

11

**¶ 30**

*Allegation:* Defendant violated Fla. Stat. § 559.72(9) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010, to Debtors attempting to collect the Alleged Debt; (2) made five or more Collection Calls to Debtors each day, everyday of the week; (3) made Collection Calls to Debtors after Debtors told Defendant that Debtors could not pay the Alleged Debt; (4) made Collection Calls to Debtors after Debtors told Defendant to stop calling Debtors regarding the Alleged Debt; (5) made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt; (6) made multiple Collection Calls to Mr., Richter's place of employment disclosing the Alleged Debt to Mr. Richter's secretary regarding the Alleged Debt after Mr. Richter told Defendant to stop calling at his place of employment; and (7) made Collection Calls to Debtors using abusive language demanding and dehumanizing Debtors including telling Debtors to "go get a real job."; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including violations of the TCPA, and by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9).

*Answer:* Target denies the allegations in paragraph 30.

**¶ 31**

*Allegation:* As a result of the above violations of the FCCPA, Debtors have been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

*Answer:* Target denies the allegations in paragraph 31.

**¶ 32**

*Allegation:* Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

*Answer:* Target denies the allegations in paragraph 32.

**¶ 33**

*Allegation:* All conditions precedent to this action have occurred, have been satisfied or have been waived.

*Answer:* Target denies the allegations in paragraph 33.


Count II
Violation of the Telephone Consumer Protection Act,
47 U.S.C. § 227 et seq.
as to Defendant Target


**¶ 34**

*Allegation:* This is an action against Defendant for violations of 47 U.S.C. § 227 *et seq.*

*Answer:* Target admits that this action purports to state a claim under the referenced statute, but denies any liability with respect to the purported claims mentioned in paragraph 34. This paragraph otherwise contains no factual allegation to which a responsive pleading is required.


**¶ 35**

*Allegation:* Plaintiff re-alleges and reincorporates paragraphs 1 through 17, as if fully set forth here-in.

*Answer:* For its answer to the allegations in paragraph 35, Target adopts by reference its statements in answer to the allegations therein referenced and adopted.


**¶ 36**

*Allegation:* Defendant, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtors.

*Answer:* Target admits the allegations in paragraph 36.

¶ 37

*Allegation:* Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:
> It shall be unlawful for any person within the United States—
> (A)    to make any call using any automatic telephone system or an artificial or prerecorded voice—
> > (iii)    to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

*Answer:* Target denies the allegations in paragraph 37, except admits that the statute so provides in substance.

¶ 38

*Allegation:* Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from October 1, 2008 through July 30, 2010 to Debtors attempting to collect the Alleged Debt; and (2) made five or more Collection Calls to Debtors' cell phone, after Debtors told Defendant to stop calling Debtors' cell phone regarding the Alleged Debt, for a total of more than fifty Collection Calls to Debtors' cell phone after Debtors told Defendant to stop calling Debtor's cell phone regarding the Alleged Debt; which is Defendant's use of an automatic telephone dialing system to make multiple Collection Calls to Debtors on Debtors' personal cell phone after Debtor told Defendant that Defendant did not have permission to call Debtors.

*Answer:* Target denies the allegations in paragraph 38.

¶ 39

*Allegation:* Defendant willfully, knowingly, and intentionally made multiple Collection Calls to Debtors' personal cell phone utilizing an automatic telephone dialing system after Debtors told Defendant that Defendant did not have permission to call Debtors.

*Answer:* Target denies the allegations in paragraph 39.

14

**¶ 40**

*Allegation:* All conditions precedent to this action have occurred, have been satisfied or have been waived.

*Answer:* Target denies the allegations in paragraph 40.

**¶ 41**

*Allegation:* As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

*Answer:* Target denies the allegations in paragraph 41.

**¶ 42**

*Allegation:* Based upon the willful, knowingly [sic], and intentional conduct of the Defendant as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

*Answer:* Target denies the allegations in paragraph 42.

**Second Defense**
**Failure to State a Claim**

39.     The complaint fails to state a claim under Florida Statutes § 559.72(9) upon

which relief can be granted.

**Third Defense**
**Statute of Limitation**

40.     The applicable statute of limitation or repose bars some or all of the Plaintiff's

claims.

**Fourth Defense**
**Punitive Damages Improperly Pleaded**

41.     The claim for punitive damages asserted in the complaint is pleaded in

violation of Florida Statutes § 768.72(1), which provides that

> In any civil action, no claim for punitive damages shall be permitted unless
> there is a reasonable showing by evidence in the record or proffered by the claimant
> which would provide a reasonable basis for recovery of such damages. The claimant
> may move to amend her or his complaint to assert a claim for punitive damages as
> allowed by the rules of civil procedure. . . .

**Fifth Defense**
**Unintentional Violation**

42.     If Target violated the Florida Consumer Collection Practices Act (which

Target denies), then any such violation was unintentional and resulted from a bona fide error,

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**Sixth Defense**
**Request for Fees and Costs**

43.     The Plaintiff may be liable under the Florida Consumer Collection Practices

Act, Fla. Stat. § 559.77(2), for court costs and reasonable attorney's fees that Target incurs in

this suit.

**Seventh Defense**
**Prior Express Consent**

44.     The Richters gave to Target their prior express consent for Target to call them

using an automatic telephone dilaing system.

45.     The Richters gave to Target their prior express consent for Target to call a

cellular telephone.

16

**Prayer for Relief**

Wherefore Target respectfully prays for a judgment in its favor, for its costs and

disbursements herein, and for such other and further relief as may be just and equitable.

May 9, 2012.

Respectfully submitted,


/s/ Sherilee J. Samuel
Sherilee J. Samuel, Fla. Bar No. 017499
HILL WARD HENDERSON
P. O. Box 2231
Tampa, FL 33601-2231
Ph. 813.221.3900
Fax 813.221.2900
ssamuel@hwhlaw.com

in association with

FAEGRE BAKER DANIELS LLP
Brian Melendez, No. 223633 (Minn.)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Ph. 612.766.7309
Fax 612.766.1600
brian.melendez@faegrebd.com

Attorneys for Defendant
    Target National Bank

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Thomas A. Lash, Esq. and George C. Bedell, Esq., of Lash & Wilcox PL, at tlash@lashandwilcox.com and gbedell@lashandwilcox.com.

<u>/s/ Sherilee J. Samuel</u>
Sherilee J. Samuel
Florida Bar No. 017499
Hill Ward Henderson